UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

THE LOFTS AT NARROW, LLC, :
          Plaintiff, :
    v. : No. 5:21-cv-02445
:
BOROUGH OF WEST READING, :
          Defendant. :
_____

**O P I N I O N**
Defendant's Motion to Dismiss the Complaint, ECF No. 6 – Granted

**Joseph F. Leeson, Jr.**                                                                                                      October 28, 2021
**United States District Judge**

    **I.**        **INTRODUCTION**

       This case is one of two in which The Lofts at Narrow, LLC (LAN) challenges the same local ordinance. The other case is currently pending in state court. The same facts gave rise to both cases: the Borough of West Reading, Pennsylvania, issued LAN a notice for violating one of its ordinances; in both cases, LAN disputes the violation notice.

       In this case, LAN explicitly alleges that the ordinance is unconstitutional. In the state court case, however, it appears that LAN has not alleged any constitutional claims. The Borough argues that this Court should abstain from hearing this case because of the pending state court case. Since the Court agrees with the Borough, it dismisses LAN's complaint.

II.     BACKGROUND[1]

LAN is a limited liability corporation that owns a rental property in the Borough (the Property). *See* Compl. ¶ 1, ECF No. 1. Since the Property contains rental units, it is subject to the Borough's local ordinance No. 801 (the "Ordinance"), Compl. ¶ 7, which was passed to ensure that rental units are safe for tenants. *See* Ordinance, ECF No. 1 Ex. A.

Under the Ordinance, owners of rental properties must notify the Borough of such properties. *See id.* Owners of rental properties must also pay a yearly fee to acquire permits for their rentals. *See id.* In addition, the Ordinance grants the Borough the power to inspect rental units within the Borough's boundaries. *See id.* Lastly, it states that the Borough may issue written violation notices to any person that violates the Ordinance. *See id.*

According to the Ordinance, "[a]ny person affected by a notice of violation . . . may appeal said notice . . . to the Borough Housing Review Board." *Id.* "Decisions of the Housing Review board may be further appealed to the Court of Common Pleas of Berks County, Pennsylvania." *Id.*

On February 8, 2021, the Borough issued a notice of violation to LAN, charging LAN with two violations of the Ordinance. *See* Compl. ¶ 8. First, the notice states that LAN failed to provide the Borough with information regarding the Property. *See id.* ¶ 10. Second, the notice states that LAN failed to obtain permits for the Property and to pay the necessary fee. *See id.* ¶¶ 8–9. LAN challenged the notice of violation and a hearing was scheduled before Magisterial District Judge Eric J. Taylor. *See* Compl. Ex. C.

---

[1]     The facts are taken from the Complaint and accepted as true, with all reasonable inferences drawn in LAN's favor. *See Lundy v. Monroe Cty. Dist. Attorney's Office*, No. 3:17-CV-2255, 2017 WL 9362911, at *1 (M.D. Pa. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 2219033 (M.D. Pa. May 15, 2018). The Court's recitation of the facts does not include legal conclusions or contentions unless necessary for context. *See Brown v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, No. 1:19-CV-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019).

After the hearing, LAN was acquitted of the first alleged violation (failure to notify the Borough of the Property) but was found guilty of the second alleged violation (failure to secure a permit for the Property and failure to pay the necessary fee). *See* Compl. ¶ 16. As a result, LAN was ordered to pay restitution and a fine totaling $1,183.75. *See* Resp. ¶ 9, ECF No. 7. LAN appealed the conviction to the Court of Common Pleas of Berks County pursuant to procedure outlined in the Ordinance. *See* ECF. No. 6-1.

In addition to its appeal to the state court, LAN filed a complaint with this Court, challenging the Ordinance. *See* Compl. In the Complaint, LAN brings a dozen counts against the Borough, which raise state, statutory, common law, and federal causes of action. *See generally id.* LAN's constitutional claims include alleged violations of due process, equal protection, and the Fourth Amendment. *See id.* ¶¶ 28–58.

The Borough moves to dismiss the Complaint, arguing, among other things, that this Court should abstain from hearing this case because of the pending state court proceeding. *See* Mot., ECF No. 6. LAN opposes. *See* Resp. Trial for LAN's appeal before the state court is currently scheduled for December 14, 2021. *See* LAN's Suppl. Brief, ECF No. 9.

### III.   LEGAL STANDARDS

#### a.   Rule 12(b)(6) — Review of Applicable Law

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Additionally, when ruling on a motion to dismiss, the Court may "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputed authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F. 3d 223, 230 (3d Cir. 2010).

      b.      *Younger* **Abstention — Review of Applicable Law**

The *Younger* abstention doctrine derives from the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971).[2] Under *Younger* abstention, a federal court may abstain from hearing a case over which it has jurisdiction when three requirements are met: "(1) there must be pending or ongoing state proceedings which are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues." *O'Neill v. City of Philadelphia*, 32 F.3d 785, 789 (3d Cir. 1994) (citing, inter alia, *G.D. Searle & Co. v. Cohn*, 455 U.S. 404, 432 (1982)). Abstention allows "state courts to

---

[2]     Although the *Younger* abstention was first applied in the criminal context, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citing *Moore v. Sims*, 442 U.S. 415, 423 (1979)).

try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. Moreover, it serves the important purpose "to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id.* at 91.

If the three requirements for abstention are met, a federal court may only intervene with state court proceedings "if the federal plaintiff will 'suffer irreparable injury' absent equitable relief." *New Orleans Pub. Serv.*, 491 U.S. at 366 (quoting *Younger*, 401 U.S. at 43–44). The "cost, anxiety, and inconvenience" that comes with state court proceedings does not constitute irreparable injury. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (citing *Younger,* 401 U.S. at 46). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In other words, in order for a federal court to intervene when there are ongoing or pending state court proceedings, the "circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." *Kugler*, 421 U.S. at 125.

## IV. ANALYSIS

The Borough contends "that the state proceeding is the proper forum for the adjudication of LAN's rights, and that this Court should exercise abstention" in this case.[3] Mot. 8. LAN opposes. *See* Resp. Since LAN's appeal to the state court is clearly a pending state proceeding, the first requirement for *Younger* abstention is satisfied. Indeed, LAN does not argue that its appeal to the

---

[3] Since the Court agrees with the Borough and dismisses the Complaint for this reason, it does not address the Borough's additional arguments for dismissal.

state court does not satisfy the first element. Nor does LAN argue the second element—that the state proceeding implicates state interests. Moreover, the Court finds that the pending appeal does implicate state interests because the Ordinance regulates rental units located in the Borough. *See O'Neill*, 32 F. 3d at 792 (finding that there was an important state interest because the state proceeding was "intimately associated with the physical and financial workings of the city in general").

LAN does, however, take issue with the third requirement— that state court proceedings afford an opportunity to raise constitutional issues. Specifically, LAN argues that the state court appeal "is limited solely to the issue of payment of the rental occupancy permit fee" and does not include its constitutional claims. Resp. 8. According to LAN, the "remedies afforded to the parties in the state court action are not all-encompassing enough to take in to [sic] account the claims set forth in the federal complaint." *Id.* at 14. LAN asserts that its constitutional claims are "not expected to be addressed by the [state] Court during a Summary Appeal." LAN's Supl. Brief 2. However, LAN fails to meet its burden here. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) (explaining that the plaintiff has the burden of showing that the state court cannot hear his constitutional claim).

LAN's assertion that the state court will not entertain its constitutional claims is speculative. Indeed, LAN states that its constitutional claims are "not *expected* to be addressed" by the state court. LAN's Supl. Brief 2 (emphasis added). It does not cite to any legal authority or allege any facts to support its prediction that its constitutional claims will not or cannot be addressed by the state court. On the contrary, case law suggests the opposite— state courts will consider constitutional claims challenging a local ordinance. *See e.g., Com. v. Campbell,* No. 1962 C.D. 2013, 2014 WL 3537956 (Pa. Commw. Ct. July 17, 2014) (addressing the plaintiff's constitutional claims challenging a local ordinance); *Berwick Area Landlord Ass'n v. Borough of Berwick*, 48 A.

3d 524, 527 (Pa. Commw. Ct. 2012) (same); *Thompson v. City of Altoona Code Appeals Bd.*, 934 A. 2d 130, 131 (Pa. Commw. Ct. 2007) (same); *McSwain v. Com.*, 520 A. 2d 527 ( Pa. Commw. Ct. 1987) (same). Federal courts may still abstain even when the plaintiff brings constitutional claims. *See O'Neill*, 32 F. 3d at 786 (holding that the federal district court should have abstained under *Younger* even though the plaintiffs alleged that a local parking ordinance was unconstitutional).

It would be a different story if the state court refused to hear LAN's constitutional claims. However, LAN does not allege that it attempted to, or was prevented from, asserting its constitutional claims in state court. Rather, it appears that LAN simply chose not to bring any constitutional claims in the state court proceeding. Unfortunately for LAN, it cannot choose to forgo its constitutional claims in a pending state proceeding to bring them in federal court instead because "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. For these reasons, the third requirement for *Younger* abstention is satisfied.

LAN makes one other attempt to avoid abstention: it contends that it will suffer irreparable injury if this Court abstains because the "remedies available to the Plaintiff through the state court are patently inadequate." Resp. 7. LAN argues that the Borough "seeks to invoke the doctrine of abstention but fails to address the inadequacy of the state court proceedings." *Id.* at 8. However, the burden is not on the Borough to show that state court proceedings are adequate. Since all three elements required for *Younger* abstention are met here, the burden is on LAN to show that an exception should apply. *See Pennzoil*, 481 U.S. at 16. LAN falls short of meeting its burden.

LAN concludes that the state court proceedings are inadequate but stops there; it does not allege why the proceedings are inadequate. Nor does LAN allege that the state court proceedings

are undertaken in bad faith. To put it simply, LAN has not shown that there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler*, 421 U.S. at 125.

In theory, LAN could appeal its constitutional claims from the state court up to the Pennsylvania Supreme Court, and then to the United States Supreme Court. *See* 28 U.S.C.A. § 1257 (West) ("Final judgments . . . rendered by the highest court of a State . . . may be reviewed by the Supreme Court . . . where any title, right, privilege, or immunity is specially set up or claimed under the Constitution . . ."). The Court fails to see how this is "patently inadequate" as LAN suggests. Resp. 7. For these reasons, LAN has failed to meet its burden of showing why this Court should not abstain from hearing this case considering the pending state court case regarding the same matter.

### V.     CONCLUSION

There is a pending state court proceeding regarding the same matter that makes up this case. That state court proceeding implicates important state interests and affords an adequate opportunity for LAN to raise its constitutional claims, even if it chooses not to raise them in the state court. As a result, the requirements for *Younger* abstention are met. Finally, LAN has not shown that it will suffer irreparable harm if this Court abstains from hearing this case. For these reasons, the Court must abstain from hearing this case, and the Complaint is dismissed with prejudice. [4]

A separate order follows.

BY THE COURT:

/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] The Court dismisses the Complaint with prejudice because any further amendment of the Complaint would be futile. *See Jablonski v. Pan American World Airways, Inc.*, 863 F.2d. 289, 292 (3d Cir. 1988) (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).